## Mead, etc., v. Baldwin Brothers Paving Co. et al.

*English, Quinn, Leemhuis & Tayntor,* for plaintiff.
*Hosbach & Gleeton, W. J. Carney,* and *Brooks, Curtze & Silin,* for defendants.
*Hosbach & Gleeton,* for additional defendant.

EVANS, J., August 19, 1942.—The statement of claim in this case sets forth a cause of action for damages for the death of John J. Mead, Sr., as the result of injuries when he was struck by a truck driven by Benjamin R. Fields. Allegation is made that Benjamin R. Fields, at the time of the injury complained of, was an employe of the other defendant, Baldwin Brothers Paving Company.

An affidavit of defense on behalf of Baldwin Brothers Paving Company alleges that at the time of the accident giving rise to this proceeding Benjamin R. Fields was not an authorized employe and workman of the Baldwin Brothers Paving Company but was in the employ of one C. E. Pierce. The further allegation is made that C. E. Pierce was an independent hauler for the Baldwin Brothers Paving Company and had entire control over, together with the right of direction of, the said Benjamin R. Fields and his operations.

Subsequently, a petition was filed to join C. E. Pierce as additional defendant, and therein the allegation was made again that C. E. Pierce was the owner of the truck which struck John J. Mead, Sr., causing injuries resulting in his death, and that Benjamin R. Fields was an employe of and was working under the direction and control of the aforementioned C. E. Pierce. An order of court, dated March 23, 1942, joined C. E. Pierce as an additional defendant and he was therefore served with a copy of the petition and order, together with a copy of the pleadings.

C. E. Pierce then filed a petition asking a rule upon the original defendant, Baldwin Brothers Paving Company, to show cause why the petition for the joinder of C. E. Pierce should not be stricken off, set aside, and quashed and the court's order thereon vacated and set aside.

Certain irregularities are alleged by C. E. Pierce in connection with the service of papers on the additional defendant. It is claimed that the prothonotary's certification of the petition and order was not sufficient. As to the form of copies served on the additional defendant, we believe that there was sufficient compliance with the Rules of Civil Procedure and that the technical objections regarding the same should be overruled.

The next question for our consideration is whether or not the allegations of the statement of claim, the

affidavit of defense, and the petition for the joinder of the additional defendant are such as to warrant the inclusion of C. E. Pierce as an additional defendant.

The statement of claim alleges that one defendant, Benjamin R. Fields, was in the employ of Baldwin Brothers Paving Company at the time of the accident. No mention is made of C. E. Pierce as being involved in the accident in any way. The affidavit of defense alleges that C. E. Pierce was an independent hauler and, as such, was responsible for the actions of Benjamin R. Fields, his agent, and that Baldwin Brothers Paving Company is therefore in no way responsible for the accident or the damages resulting therefrom. With the same averment of facts, the petition was filed to add as a defendant C. E. Pierce. After the facts concerning the accident are developed at the time of trial, it will be possible to determine in the same proceeding whether or not Benjamin R. Fields was in the employ of the original defendant, the additional defendant, or both of them. We believe this to be a case where Pa. R. C. P. 2252 may well be employed. Neither plaintiff nor the original defendant can be required to plead the evidence whereby it can be established in whose interest Benjamin R. Fields was working at the time of the accident. If both defendants were sued separately the cases would have to be tried together or final disposition of one deferred so as to prevent an inconsistent verdict in the other. We therefore believe that the petition to dismiss the proceeding adding C. E. Pierce as an additional defendant should be discharged.

And now, to wit, August 19, 1942, the rule to show cause granted on the petition of C. E. Pierce to dismiss the proceedings adding him as an additional defendant is discharged.